IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| PATSY CARTER | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | No. 3:11-0794 |
| | ) | Judge Campbell/Bryant |
| GREAT AMERICAN GROUP WF, LLC; | ) | |
| GREAT AMERICAN GROUP, LLC; AND | ) | |
| GREAT AMERICAN GROUP, INC. | ) | |
| | ) | |
| Defendants | ) | |

To:    The Honorable Todd J. Campbell, Chief Judge

## **REPORT AND RECOMMENDATION**

### **I. Introduction**

Currently pending in this personal injury action before the court under 28 U.S.C. § 1332 diversity jurisdiction is the plaintiff's motion to amend the complaint (Docket Entry No. 27), to which the defendants have responded. (Docket Entry No. 28). As further explained below, having considered this motion and the response, the undersigned Magistrate Judge hereby recommends that plaintiff's motion be DENIED.

### **II. Factual Background**

Plaintiff Patsy Carter filed her original complaint in this matter in the Circuit Court of Davidson County, Tennessee on July 6, 2011. (Docket Entry No. 28, p. 1). In the complaint, the plaintiff alleged that she was injured on July 7, 2010, at a Movie Gallery store that was being liquidated by one or all of the defendants. (Docket Entry No. 27, p. 1). Upon defendants' notice, the action was removed to federal court in the Middle District of Tennessee on August 18, 2011. (Docket Entry No. 1). The defendants filed an answer as well as a

proposed initial case management order ("ICMO") on September 7, 2011. (Docket Entry Nos. 12, 13). In the defendants' proposed ICMO, they disclosed that an independent contractor, Great American Group WF, LLC, was hired "to assist in the liquidation of stores at Nashville, Tennessee owned by Movie Gallery US, LLC d/b/a Hollywood Video, " and that the independent contractor had operated the specific Movie Gallery store where the plaintiff was allegedly injured. (Docket Entry No. 13, pp. 2-3). The defendants, did not, however, allege any comparative fault theory in their answer to the original complaint. (Docket Entry No. 12).

The plaintiff alleges in her motion to amend that one Robert Rubinoff is a Tennessee resident who was hired as an independent contractor to oversee the liquidation of the store in question the day that the alleged injury occurred. (Docket Entry No. 27, p. 2). The plaintiff alleges that the discovery of Mr. Rubinoff as an independent contractor did not occur until receipt of the defendants' proposed ICMO on September 7, 2011, more than a year after the complaint was filed and more than two (2) years after the injury occurred. (Docket Entry No. 27, p. 2). This motion to amend the complaint was filed by the plaintiff on January 17, 2012, for the sole purpose of seeking to add Mr. Rubinoff as a defendant in this action. (Docket Entry No. 27).

### III. Conclusions of Law

A. <u>Standard of Review</u>

Rule 15(a)(2) of the Federal Rules of Civil Procedure dictates that, unless an amendment is made within the time frame enumerated under Rule 15(a)(1)[1], an amendment to a

---

[1] (1) *Amending as a Matter of Course.* A party may amend its pleading once as a matter of course within:
    (A) 21 days after serving it, or

pleading may be made "only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). The court "should freely give leave when justice so requires." *Id*. The determination of "when justice so requires" is within the sound discretion of the district court. *Martin v. Assoc. Truck Lines, Inc.*, 801 F.2d 246, 248 (6th Cir. 1986). Furthermore, "it is well settled law that the district court may deny a motion to amend if the court concludes that the pleading as amended could not withstand a motion to dismiss." *Id*. (citing *Neighborhood Development Corp. v. Advisory Council on Historic Preservation*, 632 F.2d 21, 23 (6th Cir. 1980)).

B. Standing to Assert Affirmative Defense

The defendants assert the statute of limitations as an affirmative defense against the plaintiff's motion to amend based on a theory that adding Mr. Rubinoff as a defendant would be futile in as much as the proposed claims against him would be untimely. The statute of limitations "is regarded as a personal privilege" and "may be waived by one entitled to rely on it." *Hayden v. Ford Motor Co.*, 497 F.2d 1292, 1294 (6th Cir. 1974)(cited favorably by *MAKS, Inc. v. EODT General Sec. Co.*, 2012 WL 902927, at *2 (E.D. Tenn. 2012)(slip copy)). However, the district court may deny a motion to amend based on a legal conclusion that the proposed amendment would be futile. *See Parry v. Mohawk Motors of Michigan, Inc.*, 236 F.3d 299, 306 (6th Cir. 2000). Futility is a valid objection to a motion to amend. *MAKS*, 2012 WL 902927, at *2 (citing *Miller v. Calhoun Cnty.*, 408 F.3d 803, 817 (6th Cir. 2005)). Though the statute of limitations generally would be Mr. Rubinoff's to assert or waive, the Court is not

---

(B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

necessarily precluded "from considering whether it would be futile to allow an amendment to a complaint that adds new defendants because that amendment would not survive a motion to dismiss based upon a statute of limitations defense asserted by those new defendants." *MAKS*, 2012 WL 902927, at *2; s*ee also Evans v. Hanger Prosthetics & Orthotics, Inc.*, 735 F.Supp.2d 785, 790-93 (N.D. Ohio 2010)(denying leave to amend to add parties because new claim would be time-barred and thus futile). Because futility is a valid objection to a motion to amend and because the district court may make the legal determination that a motion to amend is futile based on the expiration of the statute of limitations, the defendants have standing to invoke the statute of limitations as a defense against plaintiff's motion to amend.

    C. Analysis of the Motion

        1. Discovery Rule

Plaintiff argues that the addition of Mr. Rubinoff as a defendant would not be futile because Tennessee's common law discovery rule tolled the statute of limitations until she discovered the existence and identity of Mr. Rubinoff as an independent contractor of the original named defendants on September 7, 2011. In Tennessee, a cause of action accrues "when a plaintiff knows or in the exercise of reasonable care and diligence should know that an injury has been sustained as a result of wrongful or tortious conduct by the defendant." *John Kohl & Co. P.C. v. Dearborn & Ewing*, 977 S.W.2d 528, 532 (Tenn. 1998); s*ee also Wyatt v. A-Best Co.*, 910 S.W.2d 851, 854 (Tenn. 1995)("A personal injury cause of action accrues when the plaintiff knows, or in the exercise of reasonable care and diligence should know, that an injury has been

---

(2) *Other Amendments.* In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires. Fed. R. Civ. P. 15(a).

4

sustained.")(citing *McCroskey v. Bryant Air Conditioning Co.*, 524 S.W.2d 487, 491 (Tenn. 1975)).

In this action, the plaintiff seeks to amend her complaint for the purpose of naming a new defendant nearly a year and a half after the statute of limitations expired on her personal injury claim against the original defendants. The original complaint was filed on July 6, 2011, and this motion was filed on January 7, 2012. In the plaintiff's motion to amend, she quotes *Schultz v. Davis*, claiming support for her proposition that the amendment would not be futile in this case:

> The discovery rule tolls Plaintiff's statute of limitations period until she has 'discovere[d] or <u>reasonably should have discovered</u>, (1) the occasion, the manner and means by which a breach of duty occurred that produced [her] injury; and (2) the identity of the defendant who breached the duty.'

(Docket Entry No. 27, p. 2)(quoting *Schultz*, 495 F.3d 289, 292 (6th Cir. 2007))(emphasis in original).

Plaintiff argues that the discovery rule is properly applied in her case because she "exercised due diligence in investigating and uncovering the fact that another person [Mr. Rubinoff] may have been responsible for the injuries" she suffered. (Docket Entry No. 27, p. 1). She claims that prior to the defendants' disclosure on September 7, 2011 in their proposed ICMO, "[t]here would not have been any way for Plaintiff to learn of the existence of the role of Robert Rubinoff as an independent contractor overseeing the liquidation sales." *Id*. at 4.

The plaintiff, however, misapplies the discovery rule of Tennessee. "The statute [of limitations] is tolled only during the period when the plaintiff had no knowledge at all that the wrong had occurred and, as a reasonable person, was not put on inquiry." *Wyatt*, 910 S.W.2d at 854 (quoting *Potts v. Celotex Corp.*, 796 S.W.2d 678, 680-81 (Tenn. 1990)); *see also Hoffman v.*

5

*Hosp. Affiliates, Inc.*, 652 S.W.2d 341, 344 (Tenn. 1983). The Tennessee Supreme Court has generally limited the application of the discovery rule to actions for injuries for which the cause could not be reasonably determined within the statute of limitations due to the mysterious or latently developing nature of the injury itself. *See, e.g., Wyatt*, 910 S.W.2d at 854 (applying the discovery rule where plaintiff pipe workers did not receive a diagnosis for asbestosis until after the statute of limitations ran on their initial exposure); *Potts*, 796 S.W.2d at 680 (holding that a federal district court correctly applied the Tennessee discovery rule in a products liability action where the plaintiff was diagnosed with mesothelioma 11 years after contracting asbestosis); *Foster v. Harris*, 633 S.W.2d 304, 304-05 (Tenn. 1982)(tolling the statute of limitations until the plaintiff discovered that his serum hepatitis was contracted from intermingling blood when his dentist accidentally cut the plaintiff's lip and his own finger).

Tennessee courts have rejected the extension of the discovery rule where the injury and its general cause were immediately known, because the claim accrues when the plaintiff knows the "general causes and results of the tort." *Wyatt*, 910 S.W.2d at 856-57. *See, e.g., Pero's Steak and Spaghetti House v. Lee*, 90 S.W.3d 614, 623 (Tenn. 2002)("[T]he discovery rule generally has been applied where the actual injury does not manifest itself until years after the tortious conduct occurred and long after the statute of limitations expired.")(declining to extend the discovery rule to the context of conversion of negotiable instruments); *Quality Auto Parts Co. v. Bluff City Buick Co.*, 876 S.W.2d 818, 822 (Tenn. 1994)("Typical situations in which the discovery rule has been applied involved distinct and usually physical injuries developing long after the defendant's negligent conduct occurred, and after the statute of limitations expired.")(rejecting the application of the discovery rule in the defamation context).

6

The cases demonstrate that the discovery rule is an "equitable exception" to avoid the unjust outcome that a plaintiff is barred from receiving a remedy simply because of the nature and timing of her injury. *See Pero's*, 90 S.W.3d at 621. Assuming *arguendo* the truth of the plaintiff's allegations, she immediately knew that she was injured as well as that the general cause of her injury was her slip and fall on the original defendants' property. The mere failure to sufficiently investigate the existence and identity of a potential defendant does not meet the criteria for the type of post-statute of limitations discovery that the rule is crafted to accommodate. This proposition is particularly true in the context of a personal injury action based on premises liability, as the Sixth Circuit has declined to extend the discovery rule to facts square with the question at bar. *See Schultz v. Davis*, 495 F.3d 289, 292 (6th Cir. 2007).

In *Schultz*, the appellant sought review of the district court's grant of summary judgment in favor of two defendants whom the appellant added through motions to amend. *Id*. at 291. The Massachusetts-resident plaintiff in *Schultz* alleged that she had been injured while visiting a home under construction in Tennessee when one hundred-twenty pounds of sheetrock leaning against a wall collapsed. *Id*. at 290-91. In her original complaint filed within the statute of limitations, the plaintiff sued a person alleged to be the site's general contractor responsible for construction. *Id*. at 291. She then filed multiple motions to amend to join as defendants additional parties, including the appellees. *Id*. Most pertinently, the plaintiff filed a motion to amend well past the one-year statute of limitations for her injury to join the dry-wall supplier and the contractor for the home. *Id*. In that motion to amend, "the [plaintiffs] alleged that they only learned of [the contractor's] involvement in the construction in response to correspondence sent by their attorney to counsel … requesting the [identity] [sic] of the contractor for the home." *Id*.

7

Although the motions to amend were granted, both of the appellees soon filed motions to dismiss that were granted by the district court based on the statute of limitations. *Id*.

In the case at bar, the plaintiff alleges that she was injured on property owned by the original defendants and seeks to add the individual contracted to operate the liquidation sale on those premises. As was the case in *Schultz*, the plaintiff at bar seeks to add a new defendant whom she learned about through correspondence between counsel after the expiration of the statute of limitations on her original personal injury claim.

Unfortunately for the plaintiff *sub judice*, she also shares with the *Schultz* plaintiff the same unsuccessful argument. The plaintiff in *Schultz* cited *Foster*, discussed *supra* at 4, for the proposition that the discovery rule served to toll the statute of limitations "because they did not discover [defendant's] identity **as 'contractor'**" until after the statute of limitations expired. 495 F.3d at 292 (emphasis added)(discussing *Foster*, 633 S.W.2d at 305, and referring to language in *Foster* regarding the plaintiff's reasonable ignorance as to "the identity of the defendant who breached the duty.").

The Sixth Circuit, however, held that *Foster* was "inapposite" because it was a medical malpractice case in which the identity of the person who caused the injury was a lynchpin issue, while "no similar problem" was presented by the facts before the court. *Schultz*, 495 F.3d at 292. Specifically, the Sixth Circuit ruled that the plaintiff "knew or was put on notice [at the time of injury], that she was injured as a result of allegedly wrongful or tortious conduct, although she may not have known the specific tortfeasors." *Id*. at 292-93. Furthermore, the court reasoned:

> One should reasonably expect … that when a plaintiff suffers an
> injury on property that she does not own, she will attempt to
> determine who owns the property. The [plaintiffs] could have

> easily determined that [defendant owner] was the owner of the property on [the day of the injury].
>
> \* \* \*
>
> Similarly, with respect to [defendant supplier], the 'discovery rule' does not toll the statute of limitations. Again, the [plaintiffs] were aware, or should have been aware, that a wrong occurred on [the date of the injury]. As of that date, the [plaintiffs] were put on notice that [plaintiff's] injury was likely caused by the improper stacking of the sheetrock. Therefore, the [plaintiffs] should have known that they could have a cause of action against the party who delivered and stacked the sheetrock, and should have sought to discover the identity of that party.

*Id*. at 293. Therefore, the Sixth Circuit held that the dismissal of untimely claims against the newly added defendants was proper because Tennessee's discovery rule did not toll the statute of limitations. *Id*.

The plaintiff at bar specifically quotes the Sixth Circuit's language expounding the *Schultz* plaintiff's argument that *Foster* applied to the facts and required application of the discovery rule. (Docket Entry No. 27, p. 2)(quoting *Schultz*, 495 F.3d at 292). However, the Sixth Circuit directly rejected the *Foster* argument three sentences after the quoted material cited by the plaintiff *sub judice*.[2] The plaintiff *sub judice* correctly states that the *Schultz* case applies. Unfortunately for the plaintiff, *Schultz* firmly rejects her argument and correctly applies Tennessee case law in so doing.

Nearly a year after *Schultz* was decided, the Tennessee Court of Appeals issued an unpublished decision in the personal injury case of *Grindstaff v. Bowen*, 2008 WL 2219274 (Tenn. Ct. App. May 29, 2008), wherein it reaffirmed *Foster*'s extension of the discovery rule to

---

[2] "The Schultzes argue that because they did not discover Carter's identity as 'contractor' until February of

9

encompass not only the circumstances producing injury, but also the identity of the defendant who breached the duty owed to the plaintiff. *Id*. at *5. However, echoing the findings of the Sixth Circuit in *Schultz*, the *Grindstaff* court noted that, in answering the "critical question [of] when the plaintiffs in this case were 'aware of facts sufficient to put a reasonable person on notice' of the existence and identity of" the additional defendant, *id*. at *6 (quoting *Roe v. Jefferson*, 875 S.W.2d 653, 657 (Tenn. 1994)), plaintiffs will not be allowed to "simply wait for information regarding a potential defendant to come to them." *Id*. The court held that the plaintiffs had been on notice of the potential, additional defendant since the occurrence of the personal injury tort involving their collision with the employee of the new defendant, and that the plaintiffs' failure to investigate a matter as basic as whether and by whom the driver was employed showed a lack of due diligence:

> [W]e find no facts from which we can reasonably infer that the plaintiffs undertook to investigate this accident in a diligent fashion. We will not reward the plaintiffs' failure to investigate their case by extending the statute of limitations simply because they subsequently discovered facts that could easily have been unearthed months earlier.

*Id*. at *7. This reasoning likewise applies to the facts of the case at bar. Consequently, the discovery rule will not serve to toll the statute of limitations as to any personal injury claims against the proposed defendant, Mr. Rubinoff.

### 2. Tenn. Code Ann. § 20-1-119

Plaintiff argues that her cause of action against Mr. Rubinoff is not time-barred based on an interpretation of Tenn. Code Ann. § 20-1-119 that "allows for an amendment to

---

2004, the discovery rule applies. We disagree." *Schultz*, 495 F.3d at 292.

name a new party if filed within ninety (90) days Plaintiff receives sufficient identifying information of the new party." (Docket Entry No. 27, p. 4). However, the plain language of the statute makes clear its applicability only "[i]n civil actions where comparative fault is or becomes an issue, if a defendant … alleges in an answer or amended answer … that a person not a party to the suit caused or contributed to the injury or damage for which the plaintiff seeks recovery." Tenn. Code Ann. § 20-1-119(a). The defendants argue correctly that the statute does not apply because no allegations or claim of Mr. Rubinoff's comparative fault was ever raised by the defendants in an answer or amended answer. *Grindstaff*, 2008 WL 2219274, at *4. The disclosure of Mr. Rubinoff as a general contractor was made in the defendants' proposed ICMO and in no way raised a comparative fault theory. Therefore, § 20-1-119(a) will not salvage plaintiff's untimely attempt to include Mr. Rubinoff in this lawsuit.

### 3. Conclusion

Because the statute of limitations has expired on the plaintiff's original personal injury claim and no valid ground for tolling has been cited, the granting of any motion to amend to add a new party will be futile. The court bears discretion to "freely give leave [to amend] when justice so requires," but the court should deny a motion to amend when its result will be futile. As a matter of law, no claim based on the plaintiff's injuries suffered on July 7, 2010 may be brought against Mr. Rubinoff. Therefore, a motion to amend to add this defendant will be futile and should be denied.

## IV. Recommendation

In light of the foregoing, the Magistrate Judge hereby recommends that plaintiff's motion to amend (Docket Entry No. 27) be DENIED.

Any party has fourteen (14) days from receipt of this Report and Recommendation in which to file any written objections to it with the District Court. Any party opposing said objections shall have fourteen (14) days from receipt of any objections filed in which to file any responses to said objections. Failure to file specific objections within fourteen (14) days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn*, 474 U.S. 140 (1985); *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004)(en banc).

**ENTERED** this 23rd day of July, 2012.

 s/ John S. Bryant_____
JOHN S. BRYANT
UNITED STATES MAGISTRATE JUDGE