IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| PATSY CARTER | ) | |
| | ) | |
| v. | ) | NO. 3-11-0794 |
| | ) | JUDGE CAMPBELL |
| MOVIE GALLERY US, LLC, et al. | ) | |

MEMORANDUM

Pending before the Court is Defendants' Motion for Summary Judgment (Docket No. 37). For the reasons stated herein, Defendants' Motion is DENIED.

FACTS

Plaintiff filed this personal injury action in state court, alleging that Defendants' negligence and wanton, reckless indifference proximately caused her to fall and sustain personal injuries. Defendants removed the action to this Court and have now moved for summary judgment.

Defendants Great American Group, WF, LLC, Great American Group, LLC and Great American Group, Inc. (collectively "Great American") entered into a contract with Movie Gallery US, LLC d/b/a Hollywood Video[1] to assist in the liquidation of stores owned by Movie Gallery.[2] Great American hired an independent contractor, Robert Rubinoff, to implement the liquidation strategy in stores in the Nashville, Tennessee area, including the store at 3409 Gallatin Pike, Nashville. Customers who purchased larger items, such as televisions, were responsible for removing those items from the store during the liquidation sale.

_____

[1] Movie Gallery, US, LLC d/b/a Hollywood Video was a Defendant in this case, but Plaintiff voluntarily dismissed her action against this Defendant before the case was removed.

[2] The contract provided that "furniture, fixtures and equipment" were a part of the liquidation sale, and televisions were part of the "furniture, fixtures and equipment" being sold. Docket No. 49.

On June 16, 2010, Plaintiff purchased two televisions from Movie Gallery at the Gallatin Pike store during the liquidation sale. The televisions were each approximately 24 inches wide and 19 inches deep and weighed at least 40 pounds each. The televisions which Plaintiff purchased were identified by two stickers. On July 6, 2010, Plaintiff returned to the store to pick up her televisions, but she was not allowed to take them because the manager was not present. On July 7, 2010, Plaintiff and her two sisters returned to pick up the televisions. At that time, the two televisions which Plaintiff had purchased were located on top of a shelving unit, approximately 10 or 11 feet off the ground.

Plaintiff claims that employees of the store told her they could not help her get the televisions down. One of the employees provided her a step ladder, however, and Plaintiff climbed up the step ladder to retrieve the televisions. As Plaintiff attempted to bring one of the televisions down the ladder, she lost her balance and fell, injuring her right knee.

## SUMMARY JUDGMENT

Summary judgment is appropriate where there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Pennington v. State Farm Mut. Automobile Ins. Co.*, 553 F.3d 447, 450 (6th Cir. 2009). The party bringing the summary judgment motion has the initial burden of informing the Court of the basis for its motion and identifying portions of the record that demonstrate the absence of a genuine dispute over material facts. *Rodgers v. Banks*, 344 F.3d 587, 595 (6th Cir. 2003). The moving party may satisfy this burden by presenting affirmative evidence that negates an element of the non-moving party's claim or by demonstrating an absence of evidence to support the nonmoving party's case. *Id.*

In deciding a motion for summary judgment, the Court must review all the evidence, facts and inferences in the light most favorable to the nonmoving party. *Van Gorder v. Grand Trunk Western Railroad, Inc.*, 509 F.3d 265, 268 (6th Cir. 2007). The Court does not, however, weigh the evidence,

2

judge the credibility of witnesses, or determine the truth of the matter. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). The Court determines whether sufficient evidence has been presented to make the issue of fact a proper jury question. *Id.* The mere existence of a scintilla of evidence in support of the nonmoving party's position will be insufficient to survive summary judgment; rather, there must be evidence on which the jury could reasonably find for the nonmoving party. *Rodgers*, 344 F.3d at 595.

## NEGLIGENCE

To establish a claim for negligence, a plaintiff must prove: (1) a duty of care owed by the defendant to the plaintiff; (2) conduct falling below the applicable standard of care that amounts to a breach of that duty; (3) injury or loss; (4) cause in fact; and (5) proximate or legal cause. *Patterson-Khoury v. Wilson World Hotel - Cherry Road, Inc.*, 139 S.W.3d 281, 285 (Tenn. Ct. App. 2003). Duty of care has been defined as the legal obligation owed by a defendant to the plaintiff to conform to a reasonable person standard of care for protection against unreasonable risks of harm. *Id.* The question of whether a duty is owed is a question of law to be determined by the court. *Id.*

The determination of whether a duty is owed requires a balancing of the foreseeability and gravity of the potential harm against the burden imposed in preventing that harm. *Friedenstab v. Short*, 174 S.W.3d 217, 219 (Tenn. Ct. App. 2004). Once a duty is established, the scope of duty and the standard of care are questions of fact to be decided by the trier of fact. *Id.* at 225. The line to be drawn between duty as law and the scope of duty as fact is difficult to see and in some cases all but imperceptible, but foreseeability is the primary test for the existence of a duty. *Id.* All persons have a duty to use reasonable care to refrain from conduct that will foreseeably cause injury to others. *Bradshaw v. Daniel*, 854 S.W.2d 865, 870 (Tenn. 1993).

3

Here, the Court finds that Defendants owed a duty of reasonable care to those persons shopping for, purchasing and retrieving items in the liquidation sale for which Defendants had been hired and over which Defendants exercised supervision. It is unclear at this point why the televisions at issue were moved to a high shelf, who moved them, and why store employees could not assist in their retrieval, but having an accident in retrieving forty-pound items from a top shelf is a foreseeable risk. The Court finds the existence of a duty under these circumstances in this case.

The scope of that duty presents a question of fact. *Friedenstab*, 174 S.W.3d at 225. The questions of whether the defendant has breached his duty and thereby caused the plaintiff's injury are also matters to be determined by the trier of fact. *Patterson-Khoury*, 139 S.W.3d at 285. Moreover, any allocation of comparative fault is for the jury to decide. *Timmons v. Metropolitan Govt. of Nashville and Davidson County,* 307 S.W.3d 735, 745 (Tenn. Ct. App. 2009).

Defendants also argue that Plaintiff's claims for wanton and reckless indifference and for punitive damages should be dismissed. Again, the Court finds that there are questions of fact as to Defendants' conduct which preclude summary judgment on these issues.

## CONCLUSION

For these reasons, Defendant's Motion for Summary Judgment (Docket No. 37) is DENIED. This case is referred back to the Magistrate Judge for continued customized case management.

IT IS SO ORDERED.

TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE

4